**Exhibit 1**

–––––– Forwarded message –––––––
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Mon, Jun 10, 2024 at 6:47 AM
Subject: Request for records under the Freedom of Information Act
To: foia.oig <FOIA.OIG@oig.dhs.gov>


This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold
Affiliation: Senior Investigative Reporter/Bloomberg News
Address:
Beverly Hills, CA 90210
Email: jasonleopold@gmail.com
Phone:

RECORDS SOUGHT
I request disclosure from the DHS Office of the Inspector General the following records:

1. Copies of non-public final reports and audits of closed OIG investigations, which includes a copy of the report closing memo and referral letter, concerning substantiated misconduct.

The timeframe for the first part of this request is January 1, 2023 through the date the search for responsive records is conducted.

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—
(i) withhold information under this section only if—
(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
(II) disclosure is prohibited by law; and
(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DHS OIG should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.     Request for Public Records:
Please search for any records even if they are already publicly available.
2.     Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.
3.     Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or

comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.    Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.    Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.


FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.


FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes. I routinely use the FOIA and documents I obtain through the FOIA to inform the public about actual government activity.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.


--
Jason Leopold
Senior Investigative Reporter
Bloomberg News


You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

**Exhibit 2**

# OFFICE OF INSPECTOR GENERAL
## U.S. Department of Homeland Security
*Washington, DC 20528 | www.oig.dhs.gov*

June 11, 2024

Sent via email: jasonleopold@gmail.com

Jason Leopold
Senior Investigative Reporter/Bloomberg News

Subject:    Freedom of Information Act Request No. 2024-IGFO-00107 Acknowledgement
            Letter

Dear Jason Leopold:

This acknowledges receipt of your 06/10/2024 Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), seeking "Copies of non-public final reports and audits of closed OIG investigations, which includes a copy of the report closing memo and referral letter, concerning substantiated misconduct.  DHS-OIG combined these requests and assigned the following tracking number: **2024-IGFO-00107**.

Your request has been placed in the queue for processing in the order in which it was received. Although DHS-OIG's goal is to respond within 20 business days from receipt of your request, the FOIA does permit a 10-day extension of this time-period under 5 U.S.C. § 552(a)(6)(B)(i). Due to the need to search for and collect the requested records from field facilities and/or other establishments that are separate from the OIG FOIA Office, which processes the request, DHS-OIG hereby invokes the 10-day extension for your request and estimates a response to your request to be provided within 30 business days.

Please note, however, that the actual time required to respond to your request depends on the number and types of responsive records identified and located in our records search. However, we are using our best efforts to process all requests with due diligence.  We appreciate your patience as we proceed with your request.

If you care to narrow the scope of your request or discuss the time frame for the processing of your request,  you may contact the **DHS OIG FOIA Officer** at foia.oig@oig.dhs.gov; the **DHS OIG FOIA Public Liaison** at 202-981-6100; foia.oig@oig.dhs.gov; or FOIA Public Liaison, DHS-OIG Counsel, Stop 0305, 245 Murray Lane, SW Washington, DC  20528-0305. Additionally, you may contact the **Office of Government Information Services (OGIS)** at the **National Archives and**

Records Administration (NARA), to inquire about the FOIA mediation services they offer. Please be advised if you are requesting access to your own records (i.e., Privacy Act request), OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is as follows: 8601 Adelphi Road-OGIS, College Park, MD 20740-6001, email at ogis@nara.gov; telephone at 2020-741-5770 (toll-free: 1-877-684-6448); or facsimile at 202-741-5769.

Regarding your request for a fee waiver, a fee waiver is appropriate when "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." See 5 U.S.C. § 552(a)(4)(A)(iii). The "[d]isclosure of the requested information must: (1) shed light on 'the operations or activities of the government',(2) be 'likely to contribute significantly to public understanding' of those operations or activities and (3) the disclosure must not be primarily in the commercial interest of the requester."

After a review of your FOIA request and consideration under the above factors, we have determined that your request for a fee waiver is appropriate and has met the statutory standard. We are granting your request for a fee waiver.

Should you have questions regarding your specific request or if you would like to check the status of your FOIA, please contact the OIG FOIA Unit at 202-981-6100;  via email at foia.oig@oig.dhs.gov; online at http://www.dhs.gov/foia-status for FOIA status checks; or via USPS to Freedom of Information Act Unit, DHS/Office of Inspector General, Office of Counsel, STOP 0305, 245 Murray Lane, SW, Washington, DC 20528-0305.  Please refer to your assigned tracking number on all correspondence regarding your request.

Sincerely,
DHS OIG FOIA Team

# Exhibit 3

2 messages

–––––––– Forwarded message ––––––––
From: **FOIA OIG** <FOIA.OIG@oig.dhs.gov>
Date: Tue, Jun 11, 2024 at 3:48 AM
Subject: DHS OIG FOIA Request 2024-IGFO-00107-Ack Ltr and Clarification Needed to Perfect your Request
To: jasonleopold@gmail.com <jasonleopold@gmail.com>

Good Morning,

Please find attached, correspondence related to the above-referenced request.  Additionally, please clarify what the timeframe for the records search is.  Your request states that the timeframe given is only for the "first part of this request". Please explain what the "first part of the request" entails or clarify that the timeframe given is for the entire request.

**Your request will be placed on hold until we receive the requested clarification.**

Thank you,

DHS OIG FOIA Team

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting



---------- Forwarded message ---------
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Tue, Jun 11, 2024 at 2:31 PM
Subject: Re: DHS OIG FOIA Request 2024-IGFO-00107-Ack Ltr and Clarification Needed to Perfect your Request
To: FOIA OIG <FOIA.OIG@oig.dhs.gov>

My apologies. The timeframe for this request is Jan. 1, 2023 through June 11, 2024.

Best,
Jason

On Tue, Jun 11, 2024 at 6:48 AM FOIA OIG <FOIA.OIG@oig.dhs.gov> wrote:

> Good Morning,
>
>
> Please find attached, correspondence related to the above-referenced request.  Additionally, please clarify what the
> timeframe for the records search is.  Your request states that the timeframe given is only for the "first part of this
> request".  Please explain what the "first part of the request" entails or clarify that the timeframe given is for the entire
> request.
>
>
> **Your request will be placed on hold until we receive the requested clarification.**
>
>
> Thank you,

# Exhibit 4

## Request for estimated dates of completion

**Jason Leopold** <jasonleopold@gmail.com>                                  Wed, Oct 16, 2024 at 11:13 AM
Reply-To: jasonleopold@gmail.com
To: "foia.oig" <FOIA.OIG@oig.dhs.gov>

Hi there,
Please provide me with estimated dates of completion for the following tracking numbers associated with my requests:

1. 2024-IGFO-00151
2. 2024-IGFO-00131
3. 2024-IGFO-00108
4. 2024-IGFO-00107

I would also appreciate it if you could provide me with estimated completion dates for any other outstanding requests that have not yet been processed.

Best,
Jason

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

**Exhibit 5**

–––––– Forwarded message –––––––
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Tue, Jun 11, 2024 at 2:35 PM
Subject: Request for records under the Freedom of Information Act
To: foia.oig <FOIA.OIG@oig.dhs.gov>

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold
Affiliation: Senior Investigative Reporter/Bloomberg News
Address:
Beverly Hills, CA 90210
Email: jasonleopold@gmail.com
Phone: :

RECORDS SOUGHT
I request disclosure from the DHS Office of the Inspector General the following records:

1. A copy of the final report of investigation referencing DHS senior official **Robert Silvers** and Israel or Israeli. I am aware that the DHS OIG conducted an investigation relating to Mr. Silvers.

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—
(i) withhold information under this section only if—
(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
(II) disclosure is prohibited by law; and
(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DHS OIG should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:
Please search for any records even if they are already publicly available.
2.    Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.
3.    Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I

request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:
I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.    Request to Search Emails:
Please search for emails relating to the subject matter of my request.

6.    Request for Search of Records Transferred to Other Agencies:
I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.


FORMAT
I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.


FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes. I routinely use the FOIA and documents I obtain through the FOIA to inform the public about actual government activity.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.


--
Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

Subscribe to my weekly newsletter, FOIA Files

Read my reporting

**Exhibit 6**



# OFFICE OF INSPECTOR GENERAL
### Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

June 20, 2024

Sent via email: jasonleopold@protonmail.com

Jason Leopold
Senior Investigative Reporter
Bloomberg News

Subject:    Freedom of Information Act Request No. 2024-IGFO-00108;
              Acknowledgement Letter

Dear Jason Leopold:

This acknowledges receipt of your June 12, 2024, Freedom of Information Act request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), seeking "final report of investigation referencing DHS senior official and Israel or Israeli".

DHS-OIG received your request on June 12, 2024, and assigned it the following tracking number: 2024-IGFO-00108.

Your request has been placed in the queue for processing in the order in which it was received. Although DHS-OIG's goal is to respond within 20 business days from receipt of your request, the FOIA does permit a 10-day extension of this time-period under 5 U.S.C. § 552(a)(6)(B)(i). Due to the need to search for and collect the requested records from field facilities and/or other establishments that are separate from the OIG FOIA Office, which processes the request. DHS-OIG hereby invokes the 10-day extension for your request and estimates a response to your request to be provided within 30 business days.

Please note, however, that the actual time required to respond to your request depends on the number and types of responsive records identified and located in our records search. Unfortunately, we cannot predict exactly when your request will be processed, as we currently have a large backlog of requests. However, we are using our best efforts to process all requests with due diligence. We appreciate your patience as we proceed with your request.

Regarding your request for a fee waiver, a fee waiver is appropriate when "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii). The "[d]isclosure of the requested information must: (1) shed light on 'the operations or activities of the government',(2) be 'likely to contribute significantly to public understanding' of those operations or activities and (3) the disclosure must not be primarily in the commercial interest of the requester."[1]

After a review of your FOIA request and consideration under the above factors, we have determined that your request for a fee waiver is appropriate and has met the statutory standard. We are granting your request for a fee waiver.

Should you have questions regarding your specific request or if you would like to check the status of your FOIA, please contact the OIG FOIA Unit at 202-981-6100; via email at foia.oig@oig.dhs.gov; online at http://www.dhs.gov/foia-status for FOIA status checks; or via USPS to Freedom of Information Act Unit, DHS/Office of Inspector General, Office of Counsel, STOP 0305, 245 Murray Lane, SW, Washington, DC 20528-0305. Please be advised that responses to inquiries sent to the above physical address will be delayed due to current working conditions during the COVID-19 pandemic. Please refer to assigned tracking number 2024-IGFO-00108, on all correspondence regarding your request.

Sincerely

DHS OIG FOIA Team

---

[1] *Cause of Action v. FTC*, 799 F.3d 1108, 1115 (D.C. Cir. 2015); *see also* DOJ FOIA Regulations, 28 C.F.R. § 16.10(k) (2019).

**Exhibit 7**

g          g    g  y

–––––– Forwarded message –––––––
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Wed, Jul 17, 2024 at 4:22 PM
Subject: Request for records under the Freedom of Information Act
To: foia.oig <FOIA.OIG@oig.dhs.gov>


his is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold
Affiliation: Senior Investigative Reporter/Bloomberg News
Address:
Beverly Hills, CA 90210
Email: jasonleopold@gmail.com
Phone:

RECORDS SOUGHT
I request disclosure from the DHS Office of the Inspector General the following records:

1. Copies of non-public, final reports and audits of closed OIG investigations, which includes a copy of the report closing memo and referral letter, concerning investigations that were substantiated by the inspector general.

The timeframe for the first part of this request is January 1, 2024 through the date the search for responsive records is conducted.

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—
(i) withhold information under this section only if—
(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
(II) disclosure is prohibited by law; and
(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DHS OIG should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:
Please search for any records even if they are already publicly available.
2.    Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.
3.    Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or

comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.    Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.    Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes. I routinely use the FOIA and documents I obtain through the FOIA to inform the public about actual government activity.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

--

Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

**Exhibit 8**

# OFFICE OF INSPECTOR GENERAL
## U.S. Department of Homeland Security
### *Washington, DC 20528 | www.oig.dhs.gov*

July 23, 2024

Sent via email: jasonleopold@gmail.com

Jason Leopold
Senior Investigative Reporter
Bloomberg News

Subject:    Freedom of Information Act Request No. 2024-IGFO-00131
            Acknowledgement Letter

Dear Jason Leopold:

This acknowledges receipt of your July 17, 2024, Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), seeking; "Copies of non-public, final reports and audits of closed OIG investigations, which includes a copy of the report closing memo and referral letter, concerning investigations that were substantiated by the inspector general".

DHS-OIG received your request on July 18, 2024, and assigned it the following tracking number: 2024-IGFO-00131.

Your request has been placed in the queue for processing in the order in which it was received. Although DHS-OIG's goal is to respond within 20 business days from receipt of your request, the FOIA does permit a 10-day extension of this time-period under 5 U.S.C. § 552(a)(6)(B)(i). Due to the need to search for and collect the requested records from field facilities and/or other establishments that are separate from the OIG FOIA Office, which processes the request. DHS-OIG hereby invokes the 10-day extension for your request and estimates a response to your request to be provided within 30 business days.

Please note, however, that the actual time required to respond to your request depends on the number and types of responsive records identified and located in our records search. Unfortunately, we cannot predict exactly when your request will be processed, as we currently have a large backlog of requests. However, we are using our best efforts

to process all requests with due diligence.  We appreciate your patience as we proceed with your request.

If you care to narrow the scope of your request or discuss the time frame for the processing of your request,  you may contact the DHS OIG FOIA Officer at foia.oig@oig.dhs.gov;  the  DHS  OIG  FOIA  Public  Liaison  at  202-981-6100; foia.oig@oig.dhs.gov; or FOIA Public Liaison, DHS-OIG Counsel, Stop 0305, 245 Murray Lane, SW Washington, DC  20528-0305. Additionally, you may contact the Office of Government Information Services (OGIS)  at  the  National  Archives  and  Records Administration (NARA), to inquire about the FOIA mediation services they offer. Please be advised if you are requesting access to your own records (i.e., Privacy Act request), OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is as follows: 8601 Adelphi Road-OGIS, College Park, MD 20740-6001, email at ogis@nara.gov; telephone at 2020-741-5770 (toll-free: 1-877-684-6448); or facsimile at 202-741-5769.

Regarding your request for a fee waiver, a fee waiver is appropriate when "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and  is  not  primarily  in  the  commercial  interest  of  the  requester."    5  U.S.C.  § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1)(i)-(ii)[1].  The following factors are considered by the OIG FOIA Unit in making a determination on whether the disclosure of information is in the  public  interest:  (i)  the  request  subject  must  relate  to  identifiable  federal government  operations  or  activities;  (ii)  the  released  information  must  be "meaningfully informative about government operations or activities"; (iii) the release of information "must contribute to the understanding of a reasonably broad audience of  persons  interested  in  the  subject";  and  (iv)  "the  public's  understanding  of  the [request subject] must be enhanced by the disclosure to a significant extent." 6 C.F.R. § 5.11(k)(2)(i)-(iv).

After a review of your FOIA request and consideration under the above factors, the OIG FOIA Unit has determined that your request for a fee waiver is appropriate and has met the statutory and regulatory standards. We are granting your request for a fee waiver.

Sincerely,
DHS OIG FOIA Team

**Exhibit 9**

–––––– Forwarded message –––––––
From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Wed, Aug 28, 2024 at 7:50 AM
Subject: Request for records under the Freedom of Information Act
To: foia.oig <FOIA.OIG@oig.dhs.gov>
Cc: jason Leopold <JLeopold15@bloomberg.net>

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold
Affiliation: Senior Investigative Reporter/Bloomberg News
Address:
Beverly Hills, CA 90210
Email: jasonleopold@gmail.com
Phone:

RECORDS SOUGHT
I request disclosure from the DHS Office of the Inspector General the following records:

1.Copies of **FINAL UNPUBLISHED/NOT PUBLICLY RELEASED** OIG investigation documents (final report of investigation, final report, closing memo, referral letter, concerning misconduct, actual or alleged) referencing the Secret Service.

**The timeframe for this request is January 1, 2017 through the date the search for responsive records is conducted.**

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—
(i) withhold information under this section only if—
(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
(II) disclosure is prohibited by law; and
(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and
(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DHS OIG should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:
Please search for any records even if they are already publicly available.
2.    Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.     Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.     Request for Duplicate Pages:
I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.     Request to Search Emails:
Please search for emails relating to the subject matter of my request.

6.     Request for Search of Records Transferred to Other Agencies:
I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.


FORMAT
I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.


FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes. I routinely use the FOIA and documents I obtain through the FOIA to inform the public about actual government activity.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

--


--
Jason Leopold
Senior Investigative Reporter
Bloomberg News


You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

10/8/24, 12:49 PM
Case 1:24-cv-02984-RC  Document 1  Loewy Mail - Filed 10/21/24  Page 20 of 24
Loewy Mail - Urgent Request for records under the Freedom of Information Act

Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

**Exhibit 10**

# OFFICE OF INSPECTOR GENERAL
## U.S. Department of Homeland Security
*Washington, DC 20528 | www.oig.dhs.gov*

September 6, 2024

Sent via email: jasonleopold@gmail.com

Jason Leopold
Senior Investigative Reporter
Bloomberg News

Subject:     Freedom of Information Act Request No.
             2024-IGFO-00151 Acknowledgement Letter

Dear Jason Leopold:

This acknowledges receipt of your August 29, 2024, Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), seeking; "copies of **FINAL UNPUBLISHED/NOT PUBLICLY RELEASED** OIG investigation documents (final report of investigation, final report, closing memo, referral letter, concerning misconduct, actual or alleged) referencing the Secret Service".

DHS-OIG received your request on August 29, 2024 and assigned it the following tracking number: 2024-IGFO-00151.

Your request has been placed in the queue for processing in the order in which it was received. Although DHS-OIG's goal is to respond within 20 business days from receipt of your request, the FOIA does permit a 10-day extension of this time-period under 5 U.S.C. § 552(a)(6)(B)(i). Due to the need to search for and collect the requested records from field facilities and/or other establishments that are separate from the OIG FOIA Office, which processes the request. DHS-OIG hereby invokes the 10-day extension for your request and estimates a response to your request to be provided within 30 business days.

Please note, however, that the actual time required to respond to your request depends on the number and types of responsive records identified and located in our records search. Unfortunately, we cannot predict exactly when your request will be processed, as we currently have a large backlog of requests. However, we are using our best efforts

to process all requests with due diligence. We appreciate your patience as we proceed with your request.

If you care to narrow the scope of your request or discuss the time frame for the processing of your request, you may contact the DHS OIG FOIA Officer at foia.oig@oig.dhs.gov; the DHS OIG FOIA Public Liaison at 202-981-6100; foia.oig@oig.dhs.gov; or FOIA Public Liaison, DHS-OIG Counsel, Stop 0305, 245 Murray Lane, SW Washington, DC 20528-0305. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration (NARA), to inquire about the FOIA mediation services they offer. Please be advised if you are requesting access to your own records (i.e., Privacy Act request), OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is as follows: 8601 Adelphi Road-OGIS, College Park, MD 20740-6001, email at ogis@nara.gov; telephone at 2020-741-5770 (toll-free: 1-877-684-6448); or facsimile at 202-741-5769.

Regarding your request for a fee waiver, a fee waiver is appropriate when "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1)(i)-(ii)[1]. The following factors are considered by the OIG FOIA Unit in making a determination on whether the disclosure of information is in the public interest: (i) the request subject must relate to identifiable federal government operations or activities; (ii) the released information must be "meaningfully informative about government operations or activities"; (iii) the release of information "must contribute to the understanding of a reasonably broad audience of persons interested in the subject"; and (iv) "the public's understanding of the [request subject] must be enhanced by the disclosure to a significant extent." 6 C.F.R. § 5.11(k)(2)(i)-(iv).

After a review of your FOIA request and consideration under the above factors, the OIG FOIA Unit has determined that your request for a fee waiver is appropriate and has met the statutory and regulatory standards. We are granting your request for a fee waiver.

Sincerely,
DHS OIG FOIA Team